**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VAMSIDHAR VURIMINDI** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:19-0007** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG LOWE,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Vamsidhar Vurimindi, a detainee of the U.S. Department of Homeland Security (DHS), presently confined in the Adams County Detention Center, Washington, Mississippi, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc.1). Petitioner challenges the criminal conviction underlying his removal order, as well as his continued detention. *Id*. For the reasons set forth below, the Court will deny the petition for writ of habeas corpus.

## I. Background

Vurimindi is a citizen and national of India by virtue of birth. (Doc. 9-1 at 3, Record of Deportable/Inadmissible Alien). Vurimindi first entered the United States on April 9, 1999 as a B-1 Visitor for Pleasure. *Id*. He extended

his stay as an H1B-1 until his adjustment to Lawful Permanent Resident on February 19, 2008 due to his marriage to a United States Citizen. *Id.* Vurimindi last entered the United States in 2011 at Newark Liberty International Airport as a Lawful Permanent Resident. *Id.*

On April 25, 2014, Vurimindi was convicted of two counts of Stalking and Disorderly Conduct and sentenced to 2.5 to 5 years imprisonment. *Id.* ICE encountered Vurimindi on July 31, 2014 at the State Correctional Institution in Camp Hill, Pennsylvania while serving this sentence. *Id.*

On September 23, 2015, immigration officials charged Vurimindi as removable pursuant to Sections 237(a)(2)(E)(i) and (A)(iii) of the Immigration and Nationality Act (INA) based on his conviction of an aggravated felony as defined in Section 101(a)(43) of the INA as an alien convicted of a crime of stalking. (Doc. 9-1 at 10, Notice to Appear).

On January 18, 2017, an immigration judge denied Vurimindi's Application for Cancellation of Removal. (Doc. 9-1 at 12, IJ Decision on Cancellation).

On February 7, 2017, the immigration judge denied the remainder of Vurimindi's applications for relief, specifically his applications for asylum, withholding of removal and deferral of removal, and ordered him removed from the United States. (Doc. 9-1 at 21, Order). On July 7, 2017, the BIA

dismissed Vurimindi's appeal of that removal order. (Doc. 9-1 at 30, BIA Decision). Vurimindi filed a timely motion to reopen. (Doc. 9-1 at 34, BIA Decision).

By Order dated October 10, 2017, Vurimindi's motion to reopen the proceedings was granted, and immediately administratively closed pending the outcome of Vurimindi's direct appeal of his criminal conviction. *Id.*

On December 14, 2018, the Superior Court of Pennsylvania dismissed Vurimindi's appeal of his criminal conviction finding that "[b]y ignoring the Rules, and claiming errors at every turn, Vurimindi has thwarted appellate review." (Doc. 9-1 at 61). The Superior Court further concluded that "the only appropriate remedy is waiver of all issues." *Id.*

On December 18, 2018, DHS filed a Motion to Re-Calendar Vurimindi's removal proceedings so that the BIA could reinstate its July 7, 2017 order finalizing Vurimindi's removal order. (Doc. 9-1 at 35, Mot. to ReCalendar). Also, on December 18, 2018, ICE encountered Vurimindi at his home pursuant to a targeted operation to locate and detain him to facilitate his removal. (Doc. 9-1 at 3, Record of Deportable/Inadmissible Alien).

On April 9, 2019, the BIA granted DHS's motion to reinstate the removal proceedings and vacated its October 10, 2017 order of administrative closure, denied Vurimindi's various motions for

reconsideration and to terminate proceedings, and reinstated its July 7, 2017

removal order. (Doc. 16-1 at 3, BIA Decision). On April 15, 2019, Vurimindi

filed a Petition for Review of that decision with the United States Court of

Appeals for the Third Circuit Court. *See Vurimindi v. Att'y Gen*., Civil No. 19-

1848 (3d Cir. 2019). By Order dated June 21, 2019, the Third Circuit entered

a temporary stay of removal pursuant to its standing practice order. *Id*. In

addition, Vurimindi filed a Motion for Reconsideration of the BIA's April 9,

2019 decision with the BIA. (Doc. 15-10 at 4, BIA Decision 08/12/2019).

On July 2, 2019, ICE issued a Decision to Continue Detention-Stay of

Petitioner, finding the following:

> This letter is to inform you that your custody status has been
> reviewed and it has been determined that you will not be released
> from the custody of the U.S. Immigration and Customs
> Enforcement (ICE) at this time. This decision has been made based
> on a review of your file and/or your personal interview and
> consideration of any information you submitted to ICE's reviewing
> officials.
>
> A final order of removal has been in effect, in your case, since April
> 19, 2019. You have felony convictions for stalking and disorderly
> conduct/harassment. These criminal convictions demonstrate that
> you are a danger to the community. You have not submitted
> sufficient evidence to demonstrate that you are not a flight risk. You
> have been granted a stay of removal by the United States Court of
> Appeals for the Third Circuit. ICE expects to be able to obtain a
> travel document expeditiously for your removal from the United
> States should your stay in the Third Circuit be lifted.
>
> Based on the aforementioned information, you are to remain in ICE
> custody pending a decision by the Third Circuit regarding your

PFR. If your stay has not been lifted within one year, you will be scheduled for a Post-Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review. If your stay is lifted and ICE does not affect your removal prior to the 90th day following the lifting of the stay, a new POCR will be conducted.

(Doc. 15-1 at 28, Decision).

On August 12, 2019, the BIA denied Petitioner's Motion for Reconsideration, finding his arguments did not reveal any factual or legal error in the prior decision. *Id.* On August 19, 2019, Vurimindi filed a second Petition for Review with the Third Circuit Court of Appeals challenging the denial of his Motion to Reconsider. *See Vurimindi v. Att'y Gen.*, Civil No. 19-2904 (3d Cir. 2019). By Order of the same date, the Third Circuit consolidated both of Vurimindi's petitions "for purposes of Respondent's brief and disposition only." *Id.* The Court further ordered the government to file a supplemental appendix and Vurimindi to file a supplemental brief and appendix for any new issues he seeks to raise regarding the August 12, 2019 BIA decision. *Id.* Petitioner's consolidated Petition for Review remains pending before the Third Circuit Court of Appeals.

On August 20, 2019, Petitioner filed a motion for leave to amend his petition, in which he again challenges his Pennsylvania criminal conviction, and continued detention, as well as requests leave to add three additional

- 5 -

respondents. (Doc. 14). For the reasons set forth below, Petitioner's motion for leave to amend will be denied.

## II. **Discussion**

### A. Petitioner's request to add additional Respondents.

In his motion for leave to amend, Petitioner seeks to add Jennifer Ritchey, Deputy Field Office Director; William P. Barr, Attorney General; and Kevin K. McAleen, Acting Secretary, U.S. Department of Homeland Security as respondents "because of these defendants' role in detention of Petitioner without bond." (Doc. 14).

Pursuant to 28 U.S.C. §2243, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. These provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Thus, for purposes of a habeas action, the petitioner's custodian is the warden of the institution holding the petitioner. *Id.* at 442. In the instant case, the only appropriate respondent is Warden the Adams County Detention Center, where Petitioner is currently detained. Craig Lowe who is

already the named respondent. As such, the Court will deny Vurimindi's motion for leave to add improperly named Respondents.

B. <u>Challenge to criminal conviction</u>.

Petitioner claims that he was ordered removed prior to his criminal conviction becoming final through exhaustion of state court appeals. (Doc. 14-1 at 11-21). As a result of this, Petitioner claims that this renders his removal unlikely in the foreseeable future. *Id.* Additionally, he disagrees with the resulting removal order and denial of applications for withholding of removal pursuant to those criminal convictions. *Id.*

The Supreme Court has held that §2241 confers jurisdiction upon the federal district courts to consider cases challenging the detention of aliens during removal proceedings. *Demore v. Kim*, 538 U.S. 510 (2003); *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, on May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L.No. 109–13, Div. B, 119 Stat. 231 (2005) (REAL ID Act), which divested the district courts of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* 8 U.S.C. §1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.* Thus, the REAL ID Act expressly eliminated

district-courts' jurisdiction over habeas corpus petitions challenging orders of removal. *See Haider v. Gonzales*, 438 F.3d 902, 909–910 (8th Cir.2006) (alien's claim that an *in absentia* order of removal was invalid due to lack of notice "does nothing more than attack the IJ's removal order," and thus proper jurisdiction of such a claim was in the court of appeals; *see also Bonhometre v. Gonzales,* 414 F.3d 442, 445–446 (3d Cir. 2005) (same). Consequently, any available challenge to Vurimindi's order of removal must be brought in the Third Circuit Court of Appeals, which has jurisdiction over the immigration court that issued the deportation order. *See* 8 U.S.C. §1252(b)(2).

C. Challenge to Continued Detention.

Under 28 U.S.C. §2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. §2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek §2241 relief only in the district in which he is in custody. United *States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he was detained within this district at the time of the filing and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Petitioner was arrested and detained by Immigration & Customs Enforcement ("ICE") on December 18, 2018. Petitioner has now been detained for approximately thirteen (13) months, alternately, under 8 U.S.C. §1226(c) (pre-final), 8 U.S.C. §1231 (post-final) and most recently under 8.U.S.C. §1226(c).[1] Petitioner is considered to be in "pre-order removal immigration detention" because on June 21, 2019, he was been granted a stay of removal by the Third Circuit, and his petition for review is ongoing. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012.) Therefore, Petitioner is still subject to mandatory detention pursuant to 8 U.S.C. §1226(c).

Because Petitioner is detained pursuant to §1226(c), he may only be released if the Attorney General decides that release is necessary to protect a witness and that the individual is not a flight risk and does not pose a danger to society. 8 U.S.C. §1226(c)(2). "[S]ection 1226(c) does not give the Attorney General any authority to release these [individuals] on bond." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 473 (3d Cir.

---

[1] December 18, 2018 through April 8, 2019 = 80 days pursuant to §1226(c) (prefinal). April 9, 2019 until June 20, 2019 = 72 days pursuant to §1231 (post-final). June 21, 2019 through January 23, 2020 = 216 days pursuant to §1226(c) (pre-final).

2015) (citing *Demore v. Kim*, 538 U.S. 510, 521 (2003)), *abrogated in part and other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

Previously, the Third Circuit "read *Demore* as also recognizing that there are limits to" the Government's authority to detain individuals under §1226(c) without an opportunity to bond. *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Leslie v. Att'y Gen.*, 678 F.3d 265 (3d Cir. 2012)). Specifically, the Third Circuit recognized that the *Demore* Court based its ruling upon the short, fixed, and finite term of pre-removal detention. *Id.* at 474. Thus, in *Chavez-Alvarez*, the Third Circuit "read a reasonable time limit into the statute, relying on the Court's earlier decision in *Diop*, which employed the doctrine of constitutional avoidance to come to this conclusion." *Coello-Udiel v. Doll*, No. 3:17-CV-1414, 2018 WL 2198720, at *3 (M.D. Pa. May 14, 2018) (citing *Chavez-Alvarez*, 783 F.3d at 475; *Diop*, 656 F.3d at 231). The court noted that the point at which a detained individual's liberties outweigh the interests advanced by detention pursuant under §1226(c) occurs after the six-month time frame considered in *Demore* and before the individual has been detained for one year. *Chavez-Alvarez*, 783 F.3d at 478.

Recently, however, the Supreme Court explicitly rejected the practice of reading an implicit time limit into §1226(c). *Jennings*, 138 S. Ct. at 846-47.

In *Jennings*, the Supreme Court overruled the Ninth Circuit's conclusion that "§1226(c)'s mandatory [detention] language must be construed to contain an implicit reasonable time limitation." *Rodriguez v. Robbins*, 804 F.3d 1060, 1079 (9th Cir. 2015) (internal quotations omitted). In its opinion, the Jennings Court noted:

> [Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, §1226(c) reinforces the conclusion that [individuals] detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with §1226(a), §1226(c) makes clear that detention of [individuals] within its scope must continue "pending a decision on whether the alien is to be removed from the United States." §1226(a).

> In a reprise of their interpretation of §1225(b), respondents argue, and the [Ninth Circuit] held, that §1226(c) should be interpreted to include an implicit 6-month time limit on the length of mandatory detention. Once again, that interpretation falls far short of a "plausible statutory construction."

> In defense of their statutory reading, respondents first argue that §1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term detention.' " .... But §1226(c) is not "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to be removed from the United States," §1226(a), and it expressly prohibits release from that detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion 6-month time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.

...

> Respondents next contend that §1226(c)'s limited authorization for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered [individuals] may be released "only if" certain conditions are met, 8 U.S.C. §1226(c)(2), the statute expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions.
>
> ...
>
> We hold that §1226(c) mandates detention of any [individual] falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the [individual] is released for witness protection purposes.

*Jennings*, 138 S. Ct. at 846-47. In light of this holding, this Court has held that the Third Circuit's decisions in *Chavez-Alvarez* and *Diop* "have also been abrogated, since they relied on the doctrine of constitutional avoidance to read a reasonable time limitation into the statute." *Coello-Udiel*, 2018 WL 2198720, at *3. Thus, contrary to Petitioner's argument, he is not entitled to a bond hearing under either of those cases. *See, e.g., Santos v. Lowe*, No. 1:18-cv-1553, 2019 WL 1468313, at *2-3 (M.D. Pa. Apr. 3, 2019) (concluding same); *Okyere v. Doll*, No. 1:18-CV-178, 2018 WL 3585080, at *2 (M.D. Pa. July 26, 2018) (noting that the *Jennings* Court "held that the language of section 1226(c) authorizes unlimited detention pending removal proceedings of an alien who is deportable on the basis of criminal involvement, and that no implicit restraint on the length of detention can be read into the statute").

While not explicitly argued by Petitioner, the Court construes his §2241 petition to include an argument that §1226(c) is unconstitutional as applied to him. Because the *Jennings* Court explicitly declined to reach the merits of the petitioners' constitutional arguments, 138 S. Ct. at 851, "it is unclear under current Supreme Court precedent at what point a detention pursuant to §1226(c) becomes unreasonable without a hearing, making continued detention unconstitutional in a particular case," *Coello-Udiel*, 2018 WL 2198720, at \*3. The Third Circuit has commented that "*Jennings* did not call into question [the] constitutional holding in *Diop* that detention under §1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). To assist in deciding whether detention has been "unreasonably long," the United States District Court for the District of New Jersey has provided the following explanation:

> Although the Third Circuit's ultimate rulings in *Diop* and *Chavez-Alvarez* have been abrogated by *Jennings*, and those two cases are no longer binding upon this Court, it does not follow that those two cases should be ignored. The constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance as to how this Court should address §1226(c) claims. Specifically, the Court accepts that the "constitutionality of [detention pursuant to §1226(c) without a bond hearing] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds."

> *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232, 234). This Court likewise is mindful that "any determination on unreasonableness [must be] highly fact specific" and that "at a certain point—which may differ case by case[ ]—the burden to an alien's liberty outweighs" the Government's interest in detention without bond," *id.* at 474-75, and that detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause. *Id.* at 474; *see also Demore*, 538 U.S. at 432, 123 S. Ct. 1513 (Kennedy, J., concurring). Because, however, *Jennings* foreclosed the constitutional avoidance basis provided by the Third Circuit in its determination that detention will normally become suspect between six months and a year, and because Jennings leaves open only the question of whether §1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six-month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, §1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief. *Jennings*, 138 S. Ct. at 846-47.

*Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

Here, the Court agrees with Respondent that Petitioner's as-applied challenge fails. Petitioner has been detained for a total of approximately thirteen (13) months. Courts within the Third Circuit have concluded that detention pursuant to §1226(c) for just over a year is insufficient to amount to an arbitrary deprivation of liberty and therefore is insufficient to demonstrate that the statute has been unconstitutionally applied. *See, e.g.*,

*Santos*, 2019 WL 1468313, at \*4 (detention for fifteen (15) months not unconstitutional); *Dryden*, 321 F. Supp. 3d at 502-03 (detention for just over a year not unconstitutional); *Fernandez v. Lowe*, No. 3:17-CV-2301, 2018 WL 3584697, at \*4 (M.D. Pa. July 26, 2018) (detention for fifteen (15) months not unconstitutional given regular progression of proceedings); *Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at \*5 (D.N.J. July 20, 2018) (detention for just over thirteen (13) months not unconstitutional). Significantly longer periods, however, have been found to be so prolonged as to be an arbitrary and therefore unconstitutional application of §1226(c) absent a bond hearing. *See, e.g., K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at \*4 (D.N.J. Aug. 7, 2018) (detention of eighteen months in the absence of bad faith on the part of the petitioner warranted a bond hearing); *Vega v. Doll*, No. CV 3:17-1440, 2018 WL 3756755, at \*5 (M.D. Pa. Aug. 8, 2018) (concluding that detention for twenty-one months had become so prolonged that petitioner was entitled to an individualized bond hearing); *Destine v. Doll*, No. 3:17-CV-1340, 2018 WL 3584695, at \*5 (M.D. Pa. July 26, 2018) (concluding same).

Moreover, nothing in the record suggests "that the government has improperly or unreasonably delayed the regular course of proceedings, or that the government has detained him for any purpose other than the

resolution of his removal proceedings." *Coello-Udiel*, 2018 WL 2198720, at *4. Rather, Petitioner's case has proceeded at a reasonable pace. As noted above, Vurimindi's petition for review is currently pending before the Third Circuit, and the Court has set forth a briefing schedule. "While [Petitioner] certainly has the right to pursue all available avenues to combat his removal, post-*Jennings*, he does not have the right to parlay the resulting delay into a bond hearing." *Coello-Udiel*, 2018 WL 2198720, at *4. Accordingly, Petitioner's §2241 petition will be denied without prejudice.

## III. Conclusion

Petitioner's §2241 petition (Doc. 1) and motion to amend petition (Doc. 14) will be denied without prejudice to Petitioner's right to file another petition should his detention become arbitrary or unreasonable.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated: February 13, 2020**
19-0007-01